UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LASALLE BANK NATIONAL ASSOCIATION, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-cv-2081 |
| | ) | |
| | ) | Hon. Amy J. St. Eve |
| | ) | |
| PARAMONT PROPERTIES, LLC and KEITH BARKET, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT INITIAL STATUS REPORT**

Under Federal Rule of Civil Procedure 26(f) and the Court's Order, the parties have met and conferred regarding the matters set forth below. Plaintiff and Defendants have agreed on certain preliminary matters and submit this Joint Initial Status Report in anticipation of the Initial Status hearing scheduled for June 30, 2008:

I. Nature of the Case

    **A. Attorneys of Record**

Plaintiffs are represented by lead counsel Mike W. Bartolacci, Thompson Coburn, LLP, One US Bank Plaza, St. Louis, MO 63101, and Todd A. Rowden, and Scott P. Clair of Thompson Coburn LLP, 55 E. Monroe St., Chicago, IL 60603.

Defendants are represented by lead counsel Paul J. Puricelli of Stone, Leyton & Gershman, P.C., 7733 Forsyth, Suite 500, St. Louis, MO. 63105 and Peter E. Kanaris, Fisher Kanaris, P.C.,

200 South Wacker Drive, 22nd Floor, Chicago, IL 60606 and Michael A. Wax, Best, Vanderlaan & Harrington, 25 East Washington, Suite 210, Chicago, IL 60602.

**B.    Basis for Federal Jurisdiction**

The Court has subject matter jurisdiction over Plaintiff's claims and Defendants' counter-claims under 28 U.S.C. §§ 1332 and 1348.

**C.    Nature of Claims Asserted in Complaint**

Plaintiff LaSalle alleges claims against Defendant Paramont for breach of a promissory note, which took the form of a line of credit to finance the development of residential real estate, and against Defendant Barket for breach of guaranty.  Plaintiff LaSalle alleges that Defendant Paramont defaulted under the note and that both Defendants Paramont and Barket owe LaSalle more than $9,000,000 in principal, interest and other fees, which continue to accrue.  LaSalle also seeks to recover its attorney's fees and costs incurred in collection of the  amount alleged due under the note and guaranty.

By way of affirmative defense and counterclaims, Defendants allege claims for set-off and affirmative relief.  Defendants allege that LaSalle, motivated by a desire to improve its salability to prospective merger or acquisition suitors, (i) authorized disbursements contrary to the terms of the note, (ii) disregarded the terms of and project budgets established and in a Construction Loan Escrow Agreement, and (iii) failed to inspect the progress of development despite reported cost overruns, among other things.  Defendants allege that LaSalle thereafter reneged on its promise to extend the line of credit to cover overruns and carrying charges.  Defendants allege claims for negligence, breach of contract, breach of implied duty of good faith and fair dealing and breach of contract.

Defendant Barket additionally seeks a declaratory judgment that he properly revoked his guaranty.

**D.    Major Factual and Legal Issues**

The execution of the note and guaranty, and LaSalle's disbursement of funds are not in dispute. The parties anticipate that the primary focus of this case will be the legal and factual sufficiency of Defendants' counterclaims. Plaintiff LaSalle believes that, among other things, the terms of the promissory note and escrow agreement bar Defendants' claims and that it had no duty to monitor construction or police disbursements. Defendants do not believe that the terms of the documents bar their claims and believe that substantial factual issues exist as to their counterclaims and defenses.

**E.    Relief Sought by Plaintiffs**

Plaintiff LaSalle seeks more than $9,000,000 in principal, interest and other fees, owed under the note and guaranty. Interest and fees on the unpaid balance of the note continue to accrue. Under the terms of the note, LaSalle is also seeking attorney's fees and costs in collecting this amount, as the note and guaranty provide.

**II.    Pending Motions and Case Plan**

**A.    Identify All Pending Motions**

There are no pending motions.

**B.    Proposed Discovery Plan**

**a.    Type of Discovery Needed**

The parties anticipate conducting written discovery, including interrogatories, requests for production and requests for admissions. The parties also anticipate depositions of certain fact witnesses. The parties may each engage expert witnesses relating to Defendants' counterclaims and defenses.

**b.**     **Schedule for Discovery, Dispositive Motions and Pretrial Order**

1)     The parties propose exchanging the initial disclosures required by Rule 26 on or before August 1, 2008.

2)     The parties propose that Defendants disclose their expert reports on or before December 1, 2008, and make their experts available for deposition no later than January 31, 2009.

3)     The parties propose that Plaintiff LaSalle disclose any rebuttal experts, and make their reports available, on or before February 28, 2009, and make their experts available for deposition no later than March 31, 2009.

4)     The Parties propose that all factual discovery be completed on or before April 30, 2009.

5)     The parties propose that all dispositive motions be filed no later than April 30, 2009.

6)     The parties propose that the final pre-trial order be filed on May 31, 2009, or such other time as the Court may select depending on the trial date selected in this case.

**C.     Trial**

Defendants have requested a trial by jury.  LaSalle believes that, since the promissory note and guaranty both contain explicit jury waivers, Defendants are not entitled to a jury trial in this matter.  The parties anticipate that it will take 5-7 days to try the case to a jury and 3-5 days to try this case to the Court  The parties anticipate that  the case can be ready for trial on or about July 1, 2009.

**III.     <u>Consent to Proceed Before a Magistrate Judge</u>**

The parties do not consent to proceed before a magistrate judge.

**IV.     <u>Status of Settlement Discussions</u>**

The parties have not recently engaged in any settlement discussions, although the parties were engaged in settlement discussions prior to the commencement of litigation.  Defendants originally filed a Complaint in the District Court for the Eastern District of Missouri that was dismissed for improper venue.  LaSalle thereafter filed this suit.  The parties believe that further settlement discussions will not be productive until the Court has ruled on LaSalle's legal and factual challenges to Defendants' counterclaims.

Dated: June 25, 2008                Respectfully submitted,


 /s/ Todd A. Rowden                  /s/  Paul J. Puricelli
Todd A. Rowden                      Paul J. Puricelli
Scott P. Clair                      Stone, Leyton & Gershman, P.C
Thompson Coburn LLP                 7733 Forsyth, Suite 500
55 E. Monroe St.                    St. Louis, MO 63105
Chicago, IL 60603


Mike W. Bartolacci                  Peter E. Kanaris
Thompson Coburn, LLP                Fisher Kanaris, P.C.
One US Bank Plaza                   200 S. Wacker Dr., 22d Floor
St. Louis, MO 63101                 Chicago, IL 60606
(314) 552-6126
Fax (314) 552-7126                  Michael A. Wax
mbartolacci@thompsoncoburn.com      Best, Vanderlaan & Harrington
                                    25 E. Washington, Suite 210
                                    Chicago, IL 60602


*Attorneys for Plaintiff*            *Attorneys for Defendants*

<u>CERTIFICATE OF SERVICE</u>

     The undersigned certifies that on June 25, 2008, the above Initial Joint Status Report was electronically filed with the Clerk of the Court using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

                /s/  Scott Clair