UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LASALLE BANK NATIONAL ASSOCIATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 08-cv-2081<br>)<br>) Hon. Amy J. St. Eve |
| PARAMONT PROPERTIES, LLC and KEITH BARKET, | )<br>)<br>)<br>) |
| Defendants. | ) |

## LASALLE'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES

Under Federal Rule of Civil Procedure 12(b)(6), LaSalle moves the Court to dismiss Defendant Paramont Properties, LLC and Defendant Keith Barket's Counterclaims and to strike their Affirmative Defenses. Defendants owe LaSalle more than $9 million on a loan LaSalle made to Paramount, which Barket guaranteed, to fund Paramont's acquisition and development of a residential real estate project. Instead of paying their obligations, however, defendants assert a slew of counter-claims and affirmative defenses, all of which are without merit.

First, Defendants counter-claim/defense for negligence (Count I) is barred by the *Moorman*, or economic-loss doctrine, and the well-established legal principles that lenders don't owe borrowers any non-contractual duties. Second, Defendants free-standing claim/ defense against LaSalle for breach of the implied duty of good faith and fair dealing (Count II) is not cognizable as an independent claim/defense. Defendants' do not allege that LaSalle breached a specific contractual obligation in which it was vested with discretion, which the law requires to sufficiently state a claim or defense.

Third, Defendants negligent misrepresentation claim/defense (Count III) fails because the Illinois Credit Agreements Act bars any claim or defense based on an oral promise to extend credit, which is all Defendants allege. Fourth, Defendants breach of contract claim/defense (Count IV) fails because LaSalle's only obligation under the loan agreement is to make advances within the available limits of the borrower's line of credit when asked to do so by Paramont's authorized representative, which is not what Defendants' allege as the basis for their breach of contract claim. Instead, Defendants allege LaSalle failed to require Paramont to satisfy the conditions precedent in the agreement, which are there for LaSalle's exclusive benefit and which LaSalle has the absolute right to waive. Further, the promissory note contains a clause in which Paramont irrevocably ratifies all advances of loan proceeds. So Paramont cannot now complain about any advances LaSalle made to Paramont's authorized representatives.

In addition to these four joint claims/defenses, Barket's declaratory judgment claim/defense (Count V) fails because the Guaranty states that any alleged omission by LaSalle in disbursing certain funds to Paramont doesn't affect, release or discharge Barket's obligations under the Guaranty.

Finally, Defendants' "tack-on" affirmative defenses of failure to state a claim and failure to mitigate damages should be stricken. LaSalle has adequately pleaded its claims against Defendants. And Barket's defense of "failure to mitigate damages" doesn't satisfy the plausibility requirement in Rule 8.

For these reasons, and the reasons set forth in the accompanying brief in support of LaSalle's Motion to Dismiss Defendants' Counterclaims and Strike Affirmative Defenses, which LaSalle incorporates by reference, the Court should dismiss each of Defendants' counter-claims and strike each of Defendants' affirmative defenses.

- 3 -

Dated: August 13, 2008                                       Respectfully submitted,


  /s/ Todd A. Rowden
Todd A. Rowden
Scott P. Clair
Thompson Coburn LLP
55 E. Monroe St.
Chicago, IL 60603

Mike W. Bartolacci
Thompson Coburn, LLP
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6126
Fax (314) 552-7126
mbartolacci@thompsoncoburn.com
*Attorneys for Plaintiff LaSalle, N.A.*

- 4 -

CERTIFICATE OF SERVICE

    The undersigned certifies that on August 13, 2008, the above Motion to Dismiss Defendants' Counter-Claims and Strike Affirmative Defenses was electronically filed with the Clerk of the Court using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

                                                    /s/ Scott Clair