UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LASALLE BANK NATIONAL ASSOCIATION,        )<br>)<br>Plaintiff,        )<br>)<br>v.        )<br>)<br>)<br>)<br>PARAMONT PROPERTIES, LLC        )<br>and KEITH BARKET,        )<br>)<br>Defendants.        ) | Case No. 08-cv-2081<br><br>Hon. Amy J. St. Eve |

## MOTION TO STRIKE DEFENDANTS' JURY DEMAND

Defendants have demanded a trial by jury both on LaSalle's claims to collect the sums owed by Defendants Paramont and Barket on their Promissory Note and Guaranty, and on those Defendants' counterclaims.  (Jury Demand)(Dkt. #16).[1]  Defendants' jury demand is barred by the contractual jury waiver provision contained in the loan documents signed by both Defendants.  Accordingly, Defendants' jury demand should be stricken.

The law of Illinois governs both the Note and the Guaranty.  (Note, ¶ 9.3)(Dkt. #1, Ex. A); (Guaranty ¶ 17)(Dkt. #1, Ex. D).  Both the Note and Guaranty specifically and conspicuously waive a jury trial in any disputes which might arise between Lasalle and Defendants.

The Note reads:

> **WAIVER OF TRIAL BY JURY.**   THE BORROWER AND THE
> LENDER (BY ACCEPTANCE OF THIS NOTE,) HAVING BEEN

---

[1] Lasalle has moved to dismiss Defendants' counterclaims for failure to state a claim upon which relief may be granted.  (Dkt. #22).  However, even if any of Defendants' counterclaims survive Lasalle's motion to dismiss, Defendants are not entitled to a jury trial on those claims for the reasons set forth herein.

> REPRESENTED BY COUNSEL, EACH KNOWINGLY AND VOLUNTARILY WAIVES ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS (A) UNDER THIS NOTE OR ANY RELATED AGREEMENT OR UNDER ANY AMENDMENT, INSTRUMENT, DOCUMENT OR AGREEMENT DELIVERED OR WHICH MAY IN THE FUTURE BE DELIVERED IN CONNECTION WITH THIS NOTE OR (B) ARISING FROM ANY BANKING RELATIONSHIP EXISTING IN CONNECTION WITH THIS NOTE, AND AGREES THAT ANY SUCH ACTION OR PROCEEDING WILL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.  THE BORROWER AGREES THAT IT WILL NOT ASSERT ANY CLAIM AGAINST THE LENDER ON ANY THEORY OF LIABILITY FOR SPECIAL, INDIRECT, CONSEQUENTIAL, INCIDENTAL OR PUNITIVE DAMAGES.  (Note, ¶ 12)(Dkt #1, Ex. A)(typeface and capitalization in original).

The Guaranty reads:

> **WAIVER OF TRIAL BY JURY**.   THE GUARANTOR AND THE LENDER (BY ACCEPTANCE HEREOF,) HAVING BEEN REPRESENTED BY COUNSEL, EACH KNOWINGLY AND VOLUNTARILY WAIVES ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS UNDER THIS GUARANTY OR UNDER ANY AMENDMENT, INSTRUMENT, DOCUMENT OR AGREEMENT DELIVERED OR WHICH MAY IN THE FUTURE BE DELIVERED IN CONNECTION WITH HEREWITH and agrEES THAT ANY SUCH ACTION OR PROCEEDING WILL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.  THE GUARANTOR AGREES THAT GUARANTOR WILL NOT ASSERT ANY CLAIM AGAINST the LENDER ON ANY THEORY OF LIABILITY FOR SPECIAL, INDIRECT, CONSEQUENTIAL, INCIDENTAL OR PUNITIVE DAMAGES.  (Guaranty, ¶ 21)(Dkt #1, Ex. D)(typeface and capitalization in original).

These knowing and voluntary jury-trial waivers, written in conspicuous typescript, far exceed the requirements necessary for them to be enforceable against the Defendants under controlling authority.  In *IFC Credit Corp. v. United Business & Industrial Credit Union*, 512 F.2d 989 (7th Cir. 2008), the Seventh Circuit recently overturned a jury trial verdict in favor of

the defendant and remanded the case for a bench trial in order to enforce the jury waiver clause in a contract. There, a telecom company had sold equipment to a number of customers under its form contracts governed by Article 2 of the U.C.C. *Id*. at 991-92. The telecom company's form contracts contained a bench trial clause that was in the same typeface as the other provisions in the form contract. *Id*. The district court ruled the bench trial clause was invalid and the customers prevailed on plaintiff's claim before the jury. *Id*. at 991. The Seventh Circuit reversed.

The court held, first, that Illinois law governs whether the jury-trial waiver is enforceable because the contract contained an Illinois choice-of-law provision. *Id*. at 991-92. Second, the court held that a bench-trial clause in a seller's form agreements is enforceable in Illinois regardless of the equal-bargaining power between the parties, regardless of whether the waiver was knowing and intelligent, and regardless of whether the waiver clause was conspicuous. *Id*. at 992-94. As the court concluded: "Agreements to a bench trial cannot logically be treated less favorably than agreement to confess judgment, or arbitrate, or litigate in a forum that will not use a jury. " *Id*. at 994.

Even without *IFC Credit*, law from other circuits supports the jury-waiver clause here. The Court in *Leasing Service. Corp. v. Crane*, 804 F.3d 828 (4th Cir. 1986), unlike *IfC Credit*, did hold that a jury waiver in a contract must be "voluntary and informed." *Id*. at 833. Applying this standard, the court still ruled that the jury-waiver clause at issue, printed in fine print on the reverse side of a two-page form contract, was valid. *Id*. *See also, Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837-38 (reversing jury verdict and remanding for bench trial to enforce sophisticated contractual parties' jury waiver clause set in normal-sized typeface).

Here, Barket is the owner of Paramont and is a sophisticated developer who took a $8.5 million line of credit to develop 200-home subdivision. Defendants agreed to jury waiver

clauses that are written in over-sized, capitalized type-face and that state the waiver is knowing and voluntary. These facts more than exceed the standard from other federal circuits to enforce Defendants' jury waivers. Because the Note and Guaranty are governed by Illinois law, the Seventh Circuit's decision in *IFC Credit* controls. Under that decision, Defendants' demand for a trial by jury cannot stand.

Therefore, the Court should strike the Defendants' Jury Demand.

Dated: August 13, 2008                                    Respectfully submitted,


   /s/ Todd A. Rowden
Todd A. Rowden
Scott P. Clair
Thompson Coburn LLP
55 E. Monroe St.
Chicago, IL 60603

Mike W. Bartolacci
Thompson Coburn, LLP
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6126
Fax (314) 552-7126
mbartolacci@thompsoncoburn.com
*Attorneys for Plaintiff LaSalle, N.A.*

- 5 -

CERTIFICATE OF SERVICE

    The undersigned certifies that on August 13, 2008, the above Motion to Strike Jury Demand was electronically filed with the Clerk of the Court using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

                                                                            /s/  Scott Clair